### INNES v. RYAN et al.

(Supreme Court, Appellate Term. March, 1902.)

CONTRACTS—CONSIDERATION—SETTLEMENT OF DISPUTE UNDER PRIOR CONTRACT.
Plaintiff agreed to do all the plumbing in defendants' building for a fixed price, and after having put in place a portion of the material it was stolen, defendants at the time having a watchman in the building. Plaintiff refused to replace the stolen parts unless paid therefor, and defendants told him to do the work and they would pay him. Held, that in a suit for the material so used plaintiff was entitled to recover on defendants' oral agreement to pay, the settlement of the dispute as to liability for the stolen property being a sufficient consideration therefor.

Appeal from municipal court, borough of Manhattan.

Action by Charles E. Innes against Nicholas W. Ryan and another. From a judgment for plaintiff, defendants appeal. Affirmed.

Argued before FREEDMAN, P. J., and GIEGERICH and GREENBAUM, JJ.

Whalen & Dunn (James A. Dunn, of counsel), for appellants.

Woods, Barnes, Deane & Callaghan (Parker K. Deane, of counsel), for respondent.

GIEGERICH, J. The plaintiff was employed by the defendants to do for a fixed price all the plumbing in a building belonging to the latter. While the work was in progress thieves entered the building and stole a considerable amount of material, most of which had been put in place, such as faucets, lead pipes, traps, etc. Thereafter the plaintiff, as he testifies, had a conversation with one of the defendants in which he refused to replace the stolen parts, unless paid for so doing. The defendants replied that they wanted to get a loan on the building at once, to go ahead and do the work,

and he would get paid for it. The plaintiff did as directed, and in this action seeks to recover the reasonable value of the labor and material so furnished. A motion was made when the plaintiff rested to dismiss the complaint on the ground that it had been shown that there was a general contract to do the plumbing on the building, including the work in suit; that no time of payment was mentioned in such contract; and consequently that the property was not the defendants' until the work was completed and turned over to them. This motion to dismiss, however, does not present all the facts in the case, and it is therefore unnecessary to consider what would be the law upon such a state of facts as the motion assumes.

The rights of the parties do not rest upon the original contract, but upon the special agreement for replacing the particular work concerned in this suit. No suggestion was made upon the trial, nor is it now made, that the new agreement was without consideration to support it. That there was such consideration would appear from the fact that one of the defendants had told the plaintiff, according to the latter's testimony, that they had a watchman in the building, and from the fact that the defendants so readily recognized that the loss fell upon them, and not on the plaintiff, and that the latter was entitled to be paid again for the work required to be done again. If it were plain that it was the plaintiff's duty to do such work without extra compensation, then there would be nothing to support the defendants' promise. But, whatever the rights and obligations of the parties under the original contract may have been, it is obvious that a ground for a bona fide dispute was presented by the fact that the defendants had assumed the duty of guarding the building at night. Under such circumstances the defendants are concluded by their agreement, the benefit of which they received.

This view which we take of the case renders it unnecessary for us to discuss the question whether the defendants were entitled under their general denial to prove that the work sued for was all embraced in the original contract. Assuming that such was the fact, the evidence would be ineffectual under the other circumstances testified to by the plaintiff. The judgment should be affirmed, with costs.

Judgment affirmed, with costs. All concur.